No. 21,181.

LEON BROQUET, *Appellee,* v. WILLIAM N. MOSIER and KATIE J. MOSIER, *Appellants,* et al.

### SYLLABUS BY THE COURT.

1. MORTGAGE FORECLOSURE—*Personal Service—Judgment by Default— Jurisdiction of Court.* In a foreclosure action, the district court has jurisdiction to render judgment by default ' on personal service without the notes and mortgage sued on being filed with the clerk or presented to the court.

2. SAME—*Original Papers Not Filed—No Fraud.* It is not a fraud on the defendants in a foreclosure action for the plaintiff to fail to file with the clerk or to present to the court the notes and mortgage sued on, or to fail to introduce any evidence in support of the petition, where personal service has been made and judgment is rendered by default.

Appeal from Rawlins district court; W. S. LANGMADE, judge. Opinion filed January 12, 1918. Affirmed.

*M. A. Wilson,* of Atwood, and *J. B. Smith,* of Beaver City, Neb., for the appellants.

*Dempster Scott,* and *C. E. Scott,* both of Atwood, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: On May 19, 1914, the plaintiff recovered a judgment against the defendants for $863.30, and for the foreclosure of a mortgage on real property in Rawlins county. Summons had been personally served on each of the defendants. An order of sale was issued, the real property was sold, and a sheriff's deed to the purchaser was executed. On September 5, 1916, the defendants filed a motion to set aside the judgment, the order of sale, and the sheriff's deed, on the ground that the judgment was void for the reason that none of the notes or the mortgage sued on was filed with the clerk of the court nor with the judge thereof, and on the further ground that because no evidence was introduced to prove the allegations of the petition the court was without jurisdiction to render judgment. The motion was denied on November 13,

Broquet v. Mosier.

1916, and the defendants appeal from the judgment denying that motion.

1. The first argument presented by the defendants is that the court did not have jurisdiction to render judgment against them. This argument is based on the fact that the notes and mortgage sued on were not filed with the clerk nor presented to the court at the time judgment was rendered, nor at any time thereafter. The district courts of this state are courts of general jurisdiction; they have jurisdiction in actions to foreclose mortgages and, where personal service is had, may render judgment against any one who is personally liable on the mortgage debt. The evidence introduced in an action does not affect the jurisdiction of the court. The defendants' contention that the court did not have jurisdiction to render judgment is without any foundation.

2. Another proposition urged by the defendants is that the judgment was procured by fraud; this is based on the fact that the original notes and mortgage were not filed and were not introduced in evidence. Judgment was rendered against the defendants on their default. They did not answer, although they were personally served with summons. It must be presumed that the petition stated a cause of action. The defendants' motion indirectly stated that copies of the notes and mortgage were set out in the petition. Section 110 of the code of civil procedure reads, in part, as follows:

"In all actions, allegations of the execution of written instruments and indorsements thereon . . . shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney." (Gen. Stat. 1915, § 7002.)

Section 129 of the code of civil procedure reads, in part, as follows:

"Every material allegation of the petition not controverted by the answer . . . shall for the purposes of the action be taken as true." (Gen. Stat. 1915, § 7021.)

By their default the defendants admitted that all the allegations of the plaintiff's petition were true. It was not necessary for the plaintiff to introduce any evidence in order to entitle him to judgment. In taking judgment by default without filing the original notes and mortgage with the court, or

producing them to the court, the plaintiff did not practice any fraud whatever on the defendants.

The motion was properly denied, and the judgment is affirmed.